**\*\* E-filed August 5, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRINCE SWAYZER II, et al., | No. C10-03119 HRL |
| Plaintiffs, | **ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE** |
| v. | |
| CITY OF SAN JOSE, | **[Re: Docket No. 33]** |
| Defendant. | |

## BACKGROUND

This is a § 1983 action against defendant City of San Jose (the "City").[1] Plaintiffs are Prince Swayzer II; Deborah Porter; and Jill Scott, the guardian *ad litem* on behalf of J.P.S. and administrator of the estate of her minor son, decedent Prince Swayzer III (collectively, "Plaintiffs"). Plaintiffs sued the City under 18 U.S.C. § 1983 and other authorities in relation to the alleged wrongful death of Prince Swayzer III during his arrest by officers of the San Jose police department.

Following early neutral evaluation, the parties entered into an agreement whereby the City will pay $10,000 to Plaintiffs in complete and final settlement of all claims. After deducting costs and 25% attorney fees, each plaintiff – including Scott, on behalf of J.P.S. – will receive a net total of $2,054.17. Because J.P.S. is a minor, Plaintiffs filed a petition for approval of minor's compromise.

---

[1] Defendant Taser International, Inc. was terminated pursuant to the parties' stipulation filed on January 21, 2011. Docket No. 26.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" Id. (quoting FED. R. CIV. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims[2], district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1181-82 (citing Dacanay, 573 F.2d at 1078).

## DISCUSSION

J.P.S., through his *guardian ad litem*, has agreed to settle his claims against the City in exchange for $2,054.17. Upon review of the papers submitted, the Court finds this amount to be reasonable and the settlement to be in the best interest of all parties. The Court grants Plaintiffs' application.

## CONCLUSION

Based on the foregoing, Plaintiffs' application for this Court's approval of a minor's compromise it GRANTED. The parties shall promptly file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

---

[2] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. Robidoux, 638 F.3d at 1179 n.2. Plaintiffs brought claims under both federal and state law. Nevertheless, the Court will look to the Ninth Circuit's guidance with respect to all of their claims.

**IT IS SO ORDERED.**

Dated: August 5, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-03119 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Nora Valerie Frimann | cao.main@sanjoseca.gov, Brande.Gex@sanjoseca.gov |
| Clifford S. Greenberg | cao.main@sanjoseca.gov |
| Michael Joseph Reiser, Esq | verdicts@pacbell.net |
| Mildred Katherine O'Linn | mko@manningllp.com, dxf@mmker.com |

**See General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

William Lawrence Schott
Law Offices of William Schott
961 Ygnacio Valley Road
Walnut Creek, CA 94596

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

4